**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **GS HOLISTIC, LLC,** | |
| Plaintiff, | **Case No. 17-cv-03403** |
| v. | **Judge Harry D. Leinenweber** |
| **SHENZHEN HIKVAPE TECH LIMITED,** *et al.,* | **Magistrate Judge Young B. Kim** |
| Defendants. | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION TO SEVER, AND IN THE ALTERNATIVE A MOTION FOR PLAINTIFF TO MAKE A MORE DEFINITIVE STATEMENT

NOW COMES the Defendant, markstore15, ("Defendant"), by and through its undersigned counsel, submits this Motion to Dismiss for Failure to State a Claim, Motion to Sever, and in the Alternative a Motion for GS Holistic, LLC ("Plaintiff") to Make a More Definitive Statement ("Motion").

## I.       INTRODUCTION

Plaintiff filed its Complaint and Amended Complaint in federal court in the Northern District of Illinois, alleging trademark infringement and counterfeiting, false designation of origin, and violation of the Illinois uniform deceptive trade practices act.  Plaintiff's complaint accuses 42 Defendants and 42 individual marketplaces and 1 separate website, with nothing more than blanket boiler plate allegations.  Defendant is thus left having to guess what acts, products, websites, accounts, or goods and services he is accused of infringing.  In its amended complaint, Plaintiff accuses *all* 42 Defendants of being "online counterfeiters who trade upon Grenco Science's reputation and goodwill by offering for sale and selling unauthorized and unlicensed

1

counterfeit products, including vaporizers, using counterfeit versions of Grenco Science's federally registered trademkars." Amended Complaint ¶ 3. No specific marks, products, acts, websites, accounts, or individuals are identified in the complaint. Defendant is left to guess whether it is being accused of operating a website, selling some unknown product, offering some unknown service, or being part of some alleged vast conspiracy of 42 individuals to commit trademark infringement. In fact, the complaint fails to even inform Defendant of which trademark—of the five trademarks identified in the complaint—Plaintiff is accusing Defendant of infringing. Furthermore, Plaintiff has utterly failed to provide any evidence whatsoever which would support the joinder of more than 42 Defendants. The sole claim is the completely conclusory assertion that "Defendants are an interrelated group of counterfeiters". The complaint simply contains no factual basis whatsoever for the joinder of the unrelated defendants. This type of buckshot pleading is wholly insufficient and completely fails to place Defendant on notice of what acts Plaintiff is accusing of trademark infringement. In short, Plaintiff has failed to state a claim upon which relief can be granted.

Second, in the alternative if the Court finds the claims should not be dismissed, then Defendant makes a motion to sever the claims as set forth in Counts I-III of the Amended Complaint as they are improperly joined with the other 41 of Defendants in this action. These claims do not arise out of the same transaction or occurrence and do not present a common question of fact in this case, thus the claims sound be severed. Defendant provides more detailed reasoning below.

Third, and finally, in the alternative if the Court finds the claims should not be dismissed or severed, then Defendant makes a motion for Plaintiff to make a more definitive statement,

clarifying the claims so Defendant may know what infringing acts, goods, or services Plaintiff is alleging Defendant has performed or offered.

## II.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW

### A.  Legal Authority for 12(b)(6)

The touchstones of the federal pleading requirements are notice and facial plausibility. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013). "[T]hese requirements serve as a bar against frivolous pleading." *Id*. As a result, an implausible claim for infringement rightly should be dismissed. *Id.* Federal Rules of Civil Procedure 12(b)(6) provide the mechanism for such dismissal.

Fed. R. Civ. P. 12(b)(6) allows a party to move for the dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2009). To state an actionable claim, a plaintiff must allege and provide factual support for each element of its asserted claims. *Ashcroft v. Iqbal*, 556 U.S. 622, 662 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 557.  To survive a motion to dismiss, a complaint must state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678.  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  A complaint is not sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" and Rule 8(a) requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. (citation omitted). After stripping away unsupported legal conclusions, the

3

complaint must contain sufficient factual allegations to "plausibly give rise to an entitlement of relief." *Id*. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

### B.  The First Amended Complaint Does Not Contain Well-Pleaded Allegations that State a Plausible Claim for Relief

The amended complaint entirely fails to provide Defendant with adequate notice of what it must defend.  First, the amended complaint attempts to improperly shoehorn 42 Defendants into a single suit.  Second, the Amended Complaint fails to inform Defendant of what act it has undertaken the is being accused of infringement.  Finally, the complaint fails to even inform Defendant of which of the 5 asserted trademarks it is being accused of infringing.  Given these glaring deficiencies, the Amended Complaint should be dismissed outright.

#### a.  The Complaint Fails to Allege any Factual Basis for Joinder of 42 Defendants.

There are two requirements under Rule 20(a)(2) in order for multiple defendants to be joined in the same action. First, the plaintiff's right to relief must arise from the "same transaction, occurrence, or series of transactions or occurrences." (Fed. R. Civ. P. 20(a)(2)(A).) Federal courts have often found that even where defendants are alleged to have infringed the same intellectual property right, if they sold separate products in separate transactions, joinder is improper. (*See Androphy v. Smith & Nephew, Inc.*, 31 F.Supp.2d 620, 623 (N.D. Ill. 1998).  "[T]he fact that two parties may … sell similar products, and that these sales … may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." (*Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122, 128 (S.D.N.Y. 2003)). Second, there must be a "common question of fact or law" existing in the claims against each defendant. (Fed. R. Civ. P. 20(a)(2)(B).)  Courts in this district have consistently held that Rule

4

20(a)'s requirements for a common transaction or occurrence is not satisfied where multiple defendants are merely alleged to have infringed the same patent or trademark. *ThermaPure, Inc. v. Temp-Air, Inc.*, No. 10-cv-4724, 2010 U.S. Dist. LEXIS 136262, at *4 (N.D. Ill. Dec. 20, 2010).

The Amended Complaint contains no factual support for its conclusory statements that joinder is proper. The sole basis for this improper joinder is the purely speculative statement that "Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing counterfeit versions of the GRENCO SCIENCE Trademarks in the same transaction, occurrence, or series of transactions or occurrences." Amended Complaint at 19. In fact, Plaintiff readily admits on two separate occasions that it *has no evidence* to support this baseless conclusion. First it attempts to side steps its pleading obligations by stating that the "[t]actics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Grenco Science to learn Defendants' true identities and the exact interworking of their counterfeit network." Again, this is pure conclusion without any factual support. Furthermore, schedule A list over 42 individual Defendants, 42 individual accounts, and 1 individual domain name. Plaintiff's attempts to argue that all of these are somehow related are unavailing at best. Under Plaintiff's logic, it would be permissible to join every individual on eBay, Amazon, Google, and Craigslist, or *any* other online market place, into a single lawsuit, regardless of *any* common transaction or occurrence, simply by alleging that they are using "tactics" to "conceal their identities." Plaintiff should not be allowed to join unrelated defendants into a single lawsuit without at least some shred of factual evidence on which to base joinder. Second, Plaintiff readily admits that its pleading is deficient when it unilaterally offered to "take appropriate steps to amend the Amended Complaint" should any defendant "provide additional credible information regarding

their identities." *Id.* In effect, Plaintiff is attempting to shift the burden onto Defendants to prove a negative rather than meeting its most basic obligations under Fed. R. Civ. P. 8(a) and 11(b) to file a complaint after adequate investigation, containing a plausible claim for relief. Plaintiff has entirely failed to meet these most basic obligations, and this complaint should be dismissed on this basis alone.

**b. The Complaint Fails to Provide Adequate Notice Under Twombly**

Plaintiff's Amended Complaint should be dismissed as it is egregiously defective and fails to provide Defendant with even the vaguest indications as to what it must defend. In point of fact, the complaint fails to even inform Defendant of which of the 5 asserted trademarks Plaintiff is accusing (HIM/HER) of infringing. For instance, it accuses all 42 Defendants of trademark infringing and counterfeiting the "Grenco Science Trademarks" without ever identifying which of the trademarks Defendant has infringed, or even *how* Defendant has infringed. In fact, the Amended Complaint fails to name even *a single product* of which it accuses of trademark infringement or counterfeiting, let alone inform Defendant of which goods or services it is accusing of trademark infringement. Additionally, Plaintiff claims that the "Defendant Internet Stores share unique identifiers, such as design elements and similarities of the Counterfeit Grenco Sicence products offered for sale" without ever identifying: (1) a single counterfeit product (2) a single design element or (3) a single unique identifier. The supposed "similarity" between the internet stores is likely nothing more than the fact that the look or feel of many of them would be entirely controlled by the website owner, *e.g.*, Amazon or eBay. As such, the Amended Complaint should be dismissed for failing to provide Defendant sufficient notice as to what it must defend against.

**C. Legal Authority for Insufficient 9(b) Pleading**

Additionally, a complaint is subject to a heightened scrutiny when it contains allegations of fraud or mistake. A defendant violates the "fraudulent" prong by engaging in conduct by which "members of the public are likely to be deceived." *Davis v. HSBC Bank Nevada, N.A.*, 697 F.3d 1152, 1169 (9th Cir. 2012). "Many courts analyzing Lanham Act claims alleging 'misleading and false representations' by a business competitor have concluded that the Rule 9(b) standard nonetheless applied because the complaint was grounded in fraud." *LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1244-45 (D. Nev. 2014). The heightened pleading standard of Rule 9(a) applies to claims that re "grounded in" or "sound in" fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). In this case, Count II is for false designation of origin, which alleges that "Defendants create a false designation of origin and a misleading representation of fact as to origin and sponsorship of the counterfeit." Amended Complaint ¶ 38. This must meet the standards imposed by Federal Rule of Civil Procedure 9(b). To comply with Rule 9(b), the claimant must state with particularity the circumstances constituting fraud, including the "who, what, when, where, and how" of the misconduct charged. *U.S. ex. rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726-727 (10th Cir. 2006). "The absence of even one of these identifiers justifies dismissal." *LT Int'l Ltd.,* 8 F. Supp. 3d at 1246. This increased detail is required to give "defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F. 2d 727, 731 (9th Cir. 1985).

Plaintiff needed to allege sufficient facts to show that its customers were confused as to the origin of the goods identified by the Grenco Science mark. In other words, Plaintiff's customers believed that Defendant was the source of the goods, and not Plaintiff. Plaintiff alleges in conclusory fashion the bare legal conclusion that Defendant "has created and is creating a

likelihood of confusion, mistake, and deception among the general public," but has provided no factual support. Complaint at ¶ 37. As such, Defendant lacks notice of the particular misconduct related to the alleged fraud. Defendant needs more information, including the "who, what, when, where, and how" they have created a false designation of origin and a misleading representation of fact.

Lastly and importantly, where an action involves several different defendants, or in this case 42 defendants, a plaintiff cannon simply "lump multiple defendants together" in the allegations of the complaint but must, at a minimum, identify each defendant's role in the alleged fraud. *Destfino v. Reisweig,* 630 F.3d 952, 958 (9th Cir. 2011). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id.* This requirement ensures that the defendants are on "notice of the particular misconduct… so that they can defendant against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). Nevertheless, Plaintiff once again merely lumps hundreds of defendants together, exactly as prohibited by Rule 9(b). Further, Plaintiff's failure to plead fraud with specificity mandates dismissal of its claims against Defendant.

## III.  ALTERNATIVELY, PLAINTIFF SHOULD MAKE A MORE DEFINITIVE STATEMENT

In the event this Court determines the Plaintiff's claims against Defendant should not be dismissed or severed, Defendant alternatively requests, under Rule 12(e) of the Federal Rules of

Civil Procedure, a more definite statement setting for the Plaintiff's trademark infringement allegations against Defendant.

### A. Legal Authority

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The degree of particularity required in the allegations of a complaint is generally measured by Fed. R. Civ. P. 8(a)(2). *Pittway Corp. v. Fyrnetics, Inc.*, No. 91 C 2978, 1992 U.S. Dist. LEXIS 12172, at *15 (N.D. Ill. June 4, 1992). A Rule 12(e) motion is appropriate when a complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Nielsen v. Mitchell*, 1986 U.S. Dist. LEXIS 25885, at *5 (N.D. Ind., 1986)

### B. Plaintiff's Allegations Fail to Provide Proper Notice of Its Claims

Plaintiff's allegations fail to provide proper notice of its claims. Defendant cannot realistically be expected to frame a responsive pleading to these allegations. As discussed above, Plaintiff's Amended Complaint provides no notice of what good or services are being accused of infringing, or even what specific trademarks it is being accused of infringing. For example, paragraph 31 of the amended complaint states "Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Grenco Science Trademarks without Grenco Science's permission." Amended Complaint at 31. Defendant cannot respond to these allegations is this paragraph entirely fails to identify (1) which of the 5 asserted marks Plaintiff is accusing Defendant of infringing; (2) which of the 42 websites or accounts it is being accused of operating; or even (3) what counterfeit good or service it is being accused of providing. As such,

this vague language places an unreasonable burden on defense counsel to try to discern which of Defendant's products allegedly infringe and how those products allegedly infringe. *See eSoft v. Astaro Corp.*, No. 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336, at *4 (D. Colo. July 31, 2006); *see also Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, at *5 (E.D. Wis. Nov. 29, 2006) ("Defendant should not have to guess which of its products infringe nor guess how its products infringe). Defendant's accused eBay store sells mainly adult products. Thus, Defendant is left to guess as to which of its products Plaintiff is accusing of trademark infringement. Additionally, Defendant does not own or operate a website. Despite this, Defendant is somehow accused of owning and operating an unknown website from a listing of websites and accounts. Finally, there is no conceivable way Defendant can respond to the allegations of unfair trade practices as again, Defendant has no knowledge whatsoever regarding what acts it is accused of unfair trade practices. As such, Defendant cannot respond in good faith to the allegations in the complaint.

Accordingly, the Court should grant Defendant's motion for a more definitive statement and order Plaintiff to clarify what aspects of Defendant's websites and products and services allegedly infringe Plaintiff's trademark and explain how those aspects of Defendant's websites, products, and services allegedly infringe Plaintiff's trademark.

## IV.     CONCLUSION

For the foregoing reasons, Defendant, Markstore15's Motion to Dismiss should be granted for failure to state a claim in which relief may be granted, or in the alternative Plaintiff's claims against Defendant should be severed for improper joinder, or in the alternative Plaintiff should

make a more definitive statement alleging claims with the required specificity giving Defendant

adequate notice.

DATED June 19, 2017.          Respectfully submitted,

By: */s/ Ge (Linda) Lei*
Ge (Linda) Lei
Illinois Bar No. 6313341
Linda.lei@getechlaw.com
**GETECH LAW LLC**
203 N LaSalle, Suite 2100
Chicago, IL 60601
Telephone: (312) 888-6633
Fax: (217) 970-1066

**ATTORNEY FOR DEFENDANT
MARKSTORE15**

## CERTIFICATE OF SERVICE

      I, Ge (Linda) Lei, hereby certify that on June 19, 2017, I electronically filed the foregoing with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF System which will send notification of said filing to all counsel of record.

*/s/ Ge (Linda) Lei*
Ge (Linda) Lei